Olshan Frome Wolosky LLP
1325 Avenue of Americas
New York NY 10019
Michael Fox (2612)
Tel: 212-451-2277
Email: mfox@olshanlaw.com
Counsel for Valdese Weavers LLC

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| DÉCOR HOLDINGS, INC. et. al[1] | ) | |
| | ) | Case No. 19-71020 (REG) |
| Debtors. | ) | |
| | | (Jointly Administered) |
| BRYAN RYNIKER, in his capacity as Litigation Administrator of the Post-Confirmation Estates of the Décor Holdings, Inc., et. al. | ) ) ) ) | Adv. Proc. No. 8-20-08140 (REG) |
| | ) | Hearing Date: Mar. 24, 2021 at 10:00 am. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VALDESE WEAVERS LLC | ) | |
| Defendant. | | |

**ANSWER**

Defendant Valdese Waavers (the "Defendant" or "Valdese"), by and through

Olshan Frome Wolosky LLP, its counsel, for this answer (the "Answer") to the

Complaint (the "Complaint") states as follows:

---

[1] The debtors (Debtors) in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Décor Holdings, Inc. (4174), Décor Intermediate Holdings, LLC (5414); RAD Liquidation Inc. (f/k/a The Robert Allen Duralee Group) (1798); and RADF LLC (f/k/a The Robert Allen Duralee Group Furniture, LLC) (2838) Holdings LLC (5414)

5719569-1

## NATURE OF THE ACTION

1.     Denies that the transfers identified on Exhibit A of the Complaint (the "Transfers") are avoidable, denies that the Plaintiff has any right of recovery against the Defendant, denies knowledge sufficient to form a belief as to the extent of the relief sought by Plaintiff, and avers that the remainder of Paragraph 1 of the Complaint is comprised of unsupported statements and putative legal conclusions for which no response is required.

2.     Denies that the Transfers are avoidable and that the Plaintiff has any right of recovery or right to disallow as filed the claims of the Defendant, and denies knowledge sufficient to form a belief as to the extent of the relief sought by Plaintiff.

## JURISDICTION AND VENUE

3.     Admits to Paragraph 3 and 4.

4.     Subject and without waiver to Defendant's Constitutional right to a jury trial to be conducted by an Article III Court, admits to Paragraph 5.

## BACKGROUND AND PARTIES

5.     Admits to Paragraph 6,7, 8, 9, 10, and 11.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint expect that post-petition Valdese did transact business with the Debtor but any such business was done in accordance with mutually agreed upon and normal business terms.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

9. Denies to Paragraph 15.

## COUNT I – TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO
## 11 U.S.C. § 547(b)

10. Restates its responses to the cross-referenced allegations in paragraphs 1-9 of the Answer.

11. Admits to Paragraph 16 as to amounts received.

12. Admits to Paragraph 17 and 18.

13. Denies that the Transfers constitutes "Avoidable Transfers," admits that the Transfer was made in satisfaction of monies due and payable to the Defendant by the Debtors, avers that Paragraph 19 calls for a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the contents of the Debtors' books and records.

14. Denies that the Transfer constitutes an "Avoidable Transfer," and further denies knowledge sufficient to form a belief as to the Debtors' solvency as of the time of the Transfer, and avers that the remainder of Paragraph 20 of the Complaint forms a legal conclusion for which no response is required.

15. Denies knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and it calls for conclusion of law.

16. Denies Paragraph 22.

## COUNT II

17. Restates its responses to the cross-referenced allegations in paragraphs 1-16 of the Answer.

18. Denies that the Transfers constitutes "Fraudulent Transfers," admits that the Transfers was made in satisfaction of monies due and payable to the Defendant by the

Debtors, in accordance with good and merchandise shipped, invoiced and received by the Debtors and paragraph 24 calls for a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the contents of the Debtors' books and records.

19. Denies that the Transfer constitutes "Fraudulent Transfers," and avers that the remainder of Paragraph 20 of the Complaint forms a legal conclusion for which no response is required.

20. Denies that the Transfer constitutes "Fraudulent Transfers," and avers that the remainder of Paragraph 21 of the Complaint forms a legal conclusion for which no response is required

## COUNT III

21. Restates its responses to the allegations in paragraph 1 - 21 of the Answer.

22. Denies that any payments, transfer or charges were unauthorized or overcharges and assert that any and all payments received were with the agreed upon invoice terms.

23. Denies that the Transfers constitutes "Overcharges," but admits that the Transfers was made in satisfaction of monies due and payable to the Defendant by the Debtors, avers that Paragraph 28 calls for a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the contents of the Debtors' books and records.

### COUNT IV – TO RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. § 550

24. Restates its responses to the cross-referenced allegations in paragraphs 1-24 of the Answer.

25. Denies Paragraph 30.

26. Denies Paragraph 32.

27. Denies Paragraph 32.

### COUNT V – TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

28. Restates its responses to the cross-referenced allegations in paragraphs 1-28 of the Answer.

29. Denies Paragraph 34.

30. Denies Paragraph 35.

31. Denies Paragraph 36.

### COUNT VI

32. Restates its responses to the cross-referenced allegations in paragraphs 1-32 of the Answer.

33. Denies that there was any violation of the automatic stay or overcharge by Valdese for any good sold and delivered to the Debtors further avers that Paragraph 38 and 39 each call for a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the contents of the Debtors' books and records.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant claims, alleges the following affirmative defenses, without admitting any of the allegations of the Complaint:

### First Affirmative Defense

The Complaint fails to state a claim against Defendant upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations and/or administrative filing periods and/or by failure to satisfy the statutory and administrative prerequisites to the bringing of Plaintiff's claims.

### Third Affirmative Defense

Defendant acted in good faith and its conduct was in conformity with all applicable statutes, governmental regulations, and industry standards during the time period at issue in the Complaint.

### Fourth Affirmative Defense

The Defendant gave reasonably equivalent value to the Debtors to the extent of any transfer made by or on behalf of the Debtors to the Defendant and acted in good faith in connection therewith.

### Fifth Affirmative Defense

Any transfers made by the Debtors or on their behalf to the Defendant was (A) intended by the Debtors and the Defendant to be a contemporaneous exchange for new value given to the Debtors; and (B) was in fact a substantially contemporaneous exchange. See Exhibit "A" to this Answer that attaches the list of goods and merchandise

received by the Debtors that exceed any of the payments received by the Defendant here during the Preference Period. Copies of the invoices, bills of lading and warehouse receipts were provided to Counsel for the Plaintiff.

### Sixth Affirmative Defense

That within the 90 days of the Bankruptcy Filing, Valdese shipped merchandise to the Debtors that the Debtors received in the reclamation period in excess of any of the payments received by Valdese with the Preference period. These qualify as a new value and contemporaneous exchanges under Section 547(c)(2) and (c) (4) of the Bankruptcy Code. Copies of the timely filed reclamation was provided as wells as copies the invoices, bills of lading and proofs of deliveries were all provided to Counsel for the Plaintiff.

### Seventh Affirmative Defense

Any transfers made by or on behalf of the Debtors to the Defendant, to the extent made upon a debt, was in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the Defendant, and such transfers were made in the ordinary course of business or financial affairs of the Debtors and the Defendant.

### Eight Affirmative Defense

After any transfer for which Plaintiff seeks recovery from the Defendant, the Defendant gave new value to or for the benefit of the Debtors (A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the

Debtors did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

### Ninth Affirmative Defense

Plaintiff's claims were not properly transferred from the applicable Debtor to the Plaintiff.

### Tenth Affirmative Defense

Plaintiff lacks standing to bring this action.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

### Twelfth Affirmative Defense

Plaintiff is barred in whole or in part from recovering any damages by virtue of Plaintiff's and/or the Debtors' failure to exercise reasonable diligence to mitigate its alleged damages.

### Thirteenth Affirmative Defense

Because no discovery has been taken at this stage of the case, Defendant reserves the right to supplement these affirmative defenses.

### DEFENDANT'S JURY TRIAL DEMAND

Pursuant to the Seventh Amendment of the United States Constitution and Rule 38(b) of the Federal Rules of Civil Procedure made applicable by Rule 9015(a) of the Federal Rules of Bankruptcy Procedure, Defendant hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court order the following relief:

(a) That Plaintiff takes nothing by its Complaint;

(b) Dismiss Plaintiff's Complaint with prejudice;

(c) Award Defendant its costs, including reasonable attorneys' fees in responding to Plaintiff's wrongfully instituted lawsuit; and

(d) For such other relief as this Court may deem proper.


Dated: February 16, 2021
      New York, New York

OLSHAN FROME WOLOSKY LLP


By: */s/ Michael S. Fox*
     Michael S. Fox, Esq.
     1325 Avenue of the Americas
     New York, New York  10019
     Attorney for Valdese Weaves LLC