**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X

| | | |
|---|---|---|
| | : | Chapter 11 |
| | : | |
| | : | Case No. 19-71020 (REG) |
| IN RE: | : | Case No. 19-71022 (REG) |
| | : | Case No. 19-71023 (REG) |
| DÉCOR HOLDINGS, INC., *et. al.*,[1] | : | Case No. 19-71024 (REG) |
| | : | Case No. 19-71025 (REG) |
| Post-Confirmation Debtors. | : | |
| | : | (Substantively Consolidated) |
| | : | |
| | : | Hon. Robert E. Grossman |

------------------------------------------------------------ X

| | | |
|---|---|---|
| BRYAN RYNIKER, IN HIS CAPACITY AS | : | |
| LITIGATION ADMINISTRATOR OF THE | : | |
| POST-CONFIRMATION ESTATES OF | : | |
| DÉCOR HOLDINGS, INC., *et al.*, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Adv. Pro. No. 20-08140 (REG) |
| v. | : | |
| | : | |
| VALDESE WEAVERS, LLC, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------ X

## JOINT PRETRIAL MEMORANDUM

Plaintiff Brian Ryniker in his capacity as the Litigation Administrator (the "Litigation Administrator") of the post-confirmation estates of Décor Holdings, Inc., *et al.* (the "Debtors") and Defendant Valdese Weavers, LLC ("Valdese"), by and through counsel, submit this *Joint Pretrial Memorandum* pursuant to Paragraph 2 of the *Final Pretrial Order* [Dkt. No. 14].

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Décor Holdings, Inc. (4174); Décor Intermediate Holdings LLC (5414); RAD Liquidation Inc. (f/k/a The Robert Allen Duralee Group, Inc.) (8435); RAD Liquidation LLC (f/k/a The Robert Allen Duralee Group, LLC) (1798); and RADF LLC (f/k/a The Robert Allen Duralee Group Furniture, LLC) (2835).

**(A)** **The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.**

Attached hereto as **Exhibits A and B** is the Litigation Administrator's and Valdese's witness lists, respectively. No witness not identified in Exhibits A and B shall be permitted to testify on either party's case in chief absent good cause shown.

**(B)** **A list of witnesses whose testimony is expected to be presented by means of a deposition and, if taken stenographically, a transcript of the pertinent portions of the deposition testimony.**

No such testimony will be given.

**(C)** **A list of witnesses intended to be called as experts, together with any objections to their qualification.**

No expert witness will be called by either party.

**(D)** **A list of (i) all exhibits stipulated to be admissible, (ii) plaintiff's proposed additional exhibits and (iii) any other party's proposed additional exhibits.**

Attached hereto as **Exhibits C and D** is the Litigation Administrator's and Valdese's exhibit lists, respectively. No exhibit not listed in Exhibits C and D may be used at trial except (a) for cross-examination purposes or (b) if good cause for its exclusion from the pretrial order is shown. Any objections not set forth in Exhibits C and D will be considered waived absent good cause shown.

**(E)** **A statement of any objection, together with the grounds therefor, reserved as to the admissibility of a deposition designated by another party and/or to the admissibility of documents or exhibits.**

The parties state that no deposition testimony is being designated by either party. The parties' objections to the admissibility of the other party's proposed documents and exhibits is found in **Exhibits C and D**, respectively.

**(F)     Statement confirming that the parties have exchanged copies of the exhibits.**

The parties confirm that they have exchanged copies of the other party's exhibits, other than potential exhibits that are yet to be produced in connection with a trial subpoena.

**(G)     Facts which are admitted and which require no proof.**

The parties stipulate to the facts in **Exhibit E**.  These stipulated facts require no proof at trial and will become part of the evidentiary record in this case.

**(H)     The issues of fact which remain to be litigated (evidence at trial shall be limited to these issues).**

The issues of facts, which remain to be litigated is contained in **Exhibit F**.

**(I)     The issues of law to be determined.**

The parties' joint issues of law to be determined is contained in **Exhibit G**.

**(J)     A brief statement summarizing the Plaintiff's case.**

The Litigation Administrator's brief statement summarizing his case is contained in **Exhibit H**.

**(K)     A brief statement summarizing the Defendant's case.**

Valdese's brief statement summarizing its case is contained in **Exhibit I**.

[Remainder of Page Intentionally Left Blank]

| | |
|---|---|
| Dated: New York, New York<br>June 28, 2022 | Dated:  New York, New York<br>June 28, 2022 |
| OLSHAN FROME WOLOSKY LLP | LOEB & LOEB LLP |
| By: /s/ *Jonathan T. Koevary*<br>Michael S. Fox<br>Jonathan T. Koevary<br>1325 Avenue of the Americas<br>New York, NY 10019<br>Tel.: (212) 451-2300<br>mfox@olshanlaw.com<br>jkoevary@olshanlaw.com | By: /s/ *Noah Weingarten*<br>Schuyler G. Carroll<br>Noah Weingarten<br>345 Park Avenue<br>New York, New York 10154<br>Tel.: (212) 407-4000<br>scarroll@loeb.com<br>nweingarten@loeb.com |
| *Attorneys for Valdese Weavers, LLC* | *Attorneys for Brian Ryniker,<br>Litigation Administrator* |

22167796

4