**Exhibit E to Joint Pretrial Memorandum**
**Stipulated Facts**

Plaintiff Brian Ryniker, the Litigation Administrator (the "Litigation Administrator") of the post-confirmation estates of Décor Holdings, Inc., *et al.* (the "Debtors") and Defendant Valdese Weavers, LLC ("Valdese" or "Defendant") stipulate as to the following facts, which require no proof at trial and seek to have become part of the evidentiary record in this case.

**A.     Bankruptcy Background.**

1. On February 12, 2019, the Debtors commenced voluntary petitions under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of New York.

2. On May 6, 2019, the Court entered an order confirming the *Third Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors* (the "Plan").

3. On June 28, 2019, Brian Ryniker was selected as the Litigation Administrator pursuant to the *Notice of Appointment of a Litigation Administrator* [Dkt. No. 339].

4. Pursuant to section 5.5 of the Plan, the Litigation Administrator is vested with the sole authority to, *inter alia*, commence, prosecute, and settle claims arising under chapter 5 of the Bankruptcy Code on behalf of the Debtors and their estates.

**B.     Adversary Proceeding Background.**

5. On August 25, 2020, the Litigation Administrator commenced this adversary proceeding against Valdese by filing the *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 362, 542, 547, 548, 549 and 550, for Damages for Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362 and to Disallow Claims Pursuant to 11 U.S.C. § 502* [Adv. Dkt. No. 1].

**C.     Facts relating to the preference claim under 11 U.S.C. § 547 (Count 1).**

6.     The Litigation Administrator seeks to recover $477,730.20 that the Debtors paid to Valdese (collectively, the "Transfers") during the ninety days before and including the February 12, 2019 petition date (the "Petition Date") – *i.e.*, November 14, 2018 and February 12, 2019 (the "Preference Period").

7.     The Transfers consist of the following payments from the Debtors to Defendant that occurred within the Preference Period:

| Doc # | Clear Date | Check Amount |
|---|---|---|
| 532606 | 12/18/2018 | $35,288.81 |
| 531807 | 12/18/2018 | $676.77 |
| 532207 | 12/18/2018 | $982.10 |
| 532594 | 12/18/2018 | $33,121.16 |
| 532394 | 12/10/2018 | $80,012.86 |
| 532392 | 12/10/2018 | $71,814.19 |
| 531549 | 12/10/2018 | $693.00 |
| 532378 | 12/10/2018 | $15,814.84 |
| 532379 | 12/10/2018 | $3,834.79 |
| 532103 | 12/4/2018 | $44,381.52 |
| 531353 | 11/30/2018 | $1,638.33 |
| 532090 | 11/30/2018 | $24,206.81 |
| 531700 | 11/26/2018 | $36,807.55 |
| 530841 | 11/26/2018 | $2,787.49 |
| 531687 | 11/26/2018 | $19,086.90 |
| 531443 | 11/14/2018 | $85,037.94 |
| 531433 | 11/14/2018 | $21,545.14 |
| **Total** | | **477,730.20** |

**i.     *The Transfers were of an interest in the Debtors' property.***

8.     Each and every one of the Transfers was paid out of the Debtors' operating account at Wells Fargo ending in Account No. 2033 (the "Debtors' Operating Account").

9.     The Debtors' Operating Account was the operating account that was used to make disbursements to vendors and non-vendor payees and concentrate cash to fund the Debtors' separate payroll, disbursement, and other accounts.

  **ii.** *The Transfers were made to or for the benefit of Defendant.*

10. Each and every one of the Transfers was paid to Defendant.

11. Each and every one of the Transfers was paid for Defendant's benefit.

  **iii.** *The Transfers were made on account of an antecedent debt.*

12. The Transfers made by the Debtors to Defendant were on account of an antecedent debt owed by the Debtors to Defendant.

  **iv.** *The Transfers were made within the 90 days prior to the Petition Date.*

13. The Preference Period began on November 14, 2018 and ended on February 12, 2019.

14. The Transfers occurred during the Preference Period.

15. Therefore, the Transfers were made during the 90 days prior to the Debtors filing for bankruptcy.

**D.** **Facts relating to the claim for violation of the automatic stay (Count 6).**

16. As of the Petition Date, there was no supply agreement between the Debtors and Valdese.

17. The Debtors placed purchase orders with Valdese that were open as of the Petition Date (the "Purchase Orders").

18. The parties have agreed to work together in good faith to attempt to create a mutually acceptable list constituting the Purchase Orders.

19. The Debtors paid Valdese for the purchase orders in the post-petition period (the "Post-Petition Purchase Orders").

20. The parties have agreed to work together in good faith to attempt to create a mutually acceptable list constituting the Post-Petition Purchase Orders.

E. **Facts relating to the post-petition unauthorized transfer claim under 11 U.S.C. § 549 (Count 3).**

21. As of the Petition Date, there was no supply agreement between the Debtors and Valdese.

22. The Debtors paid the Post-Petition Purchase Orders.

23. For all pre-petition orders, the Debtors paid for goods on net 60-120 day terms.

24. For all post-petition shipment of goods, Valdese required the Debtors to pay between 75% to 100% of cash in advance of shipping goods to the Debtors.

25. In the pre-petition period, the Debtors paid for goods, including each of the Transfers, by check.

26. In the post-petition periods, the Debtors paid for goods by wire.

27. The Debtors made an overpayment of $54,848.52 to Valdese (the "Overpayment").

28. After a reconciliation, Valdese returned $40,069 to the Debtors.

F. **Facts relating to Valdese's reclamation demand under 11 U.S.C. § 546(c).**

29. Valdese made a reclamation demand pursuant to NY UCC § 2-702 and 11 U.S.C. § 546(c).

G. **Facts relating to the disallowance of claims under 11 U.S.C. § 502(d) and (j) (Count 5) and the violation of the automatic stay (Count 6).**

30. On April 10, 2019, Valdese filed claim No. 279 in *In re The Robert Allen Duralee Group, Inc.*, No. 19-71023 in the amount of $2,510,459.90.

31. On April 10, 2019, Valdese filed claim No. 34 in *The Robert Allen Duralee Group, LLC*, No. 19-71024 in the amount of $2,510,459.90.

22169184