**Exhibit G to Joint Pretrial Memorandum**
**(The Parties' Joint Issues of Law to Be Determined at Trial)**

The parties agree that the following issues of law are to be determined at trial:

1. Whether the Litigation Administrator has satisfied his *prima facie* preference case under 11 U.S.C. § 547(b)?

2. In connection with a preference claim brought under 11 U.S.C. § 547(b), what are the consequences for failing to undertake "reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c)"?

3. Does Defendant have any "ordinary course" defense under 11 U.S.C. § 547(c)(2) and, if so, to what extent?

4. Does Defendant have any "subsequent new value" defense under 11 U.S.C. § 547(c)(4) and, if so, to what extent?

5. Without a supply agreement between the parties, was Defendant obligated accept pre-petition purchase orders in the post-petition period when such pre-petition orders were cancelled?

6. Is the cancelling of pre-petition purchase orders a violation of the automatic stay?

7. If the automatic stay was violated, what are the consequences?

8. Does 11 U.S.C. § 362(k) apply where the debtor is not an individual?

9. Were the post-petition transactions authorized under Bankruptcy Code 11 U.S.C. § 363 or other applicable law under Title 11 of the United States Code or by the Court?

10. Did Defendant satisfy its burden under Fed. R. Bankr. P. 6001 of establishing that the post-petition transfers are not avoidable under 11 U.S.C. § 549?

11. Whether Defendant is entitled to reclamation of goods shipped under 11 U.S.C. § 546(e) or any other applicable law? If so, to what extent?

22376588