**Exhibit I to Joint Pretrial Memorandum**
**(The Defendant's Brief Statement of the Case)**

Plaintiff relies upon two main theories and can prevail on neither. First, Plaintiff seeks recovery on preference theory. Even if Plaintiff could meet each element, he cannot rebut Valedese's new value defense. This defense virtually eliminates the payments received by Valdese. His second theory is disturbing. Plaintiff alleges post-petition wrongdoing on the part of Valdese. The allegations improperly presumes that Valdese without a supply agreement somehow had a post-petition duty to deliver custom goods on prepetition terms (when the purchase orders for these were cancelled) and then suggests that hasn't made a prima facie case that Valdese complied with its postpetiton arrangements. All of Valdese's post-petition dealings were made on terms agreed to by the Debtors. In fact, all the invoices for all the postpetiton shipments were paid for by the Plaintiff in accordance with new post-petition purchase orders. Valdese complied with its post-petition obligations to the Debtors, which were all consistent with authorized post-petition transactions under the Bankruptcy Code.

Notwithstanding this Court's directive at the time of confirmation of the Plan, the Plaintiff ignored same and simply initiated a multitude of actions including this action. Plaintiff never conducted an investigation of Defendant's defenses as was required to under 11 U.S.C. § 547(b). And Plaintiff has not hidden the fact that they had no books and records available to them to review beforehand. As set forth in Valdese reclamation demand, even were Plaintiff to meet the elements of 11 U.S.C. § 547(b), Valdese has a complete new value and ordinary course defenses.

The preference theory is further flawed argument and is nothing but a Hail Mary attempt to argue now years later that the Plaintiff can rebut or otherwise dispute the prima facie validity

of delivery of merchandise in face of purchase orders, invoices and bill of lading that indicate otherwise. Valdese has provided all such documents to Plaintiff.  Simply put, Plaintiff has no basis to counter that the goods shipped to the debtor had value any different from what was set forth in the underlying documents.

The remaining causes of action that do not plead any facts to support any violation under 11 U.S.C. §§ 549 or 362 or otherwise. Apart from attempting to refute new value, Plaintiff's entire case is based upon Plaintiff has somehow was required by contract or otherwise to accept to manufacture (post-petition) custom goods or otherwise ship to the debtor on prepetition terms. There was never a supply contract between the parties that required such terms or an agreed upon process to be fixed or maintain prices.  All post-petition transactions were based on new purchase orders that were accepted and relied on by Valdese.  In fact these post-petition transactions were all paid for by the post-petition Febtor in the accordance with the stated terms. All of these transactions were authorized under Bankruptcy Code section 363(c).