**OLSHAN FROME WOLOSKY LLP**
Michael S. Fox, Esq.
Jonathan T. Koevary, Esq.
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
*Counsel to Defendant Valdese Weavers, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------- X
: Chapter 11
:
: Case No. 19-71020 (REG)
IN RE: : Case No. 19-71022 (REG)
: Case No. 19-71023 (REG)
DÉCOR HOLDINGS, INC., *et. al.*,[1] : Case No. 19-71024 (REG)
: Case No. 19-71025 (REG)
Post-Confirmation Debtors. :
: (Substantively Consolidated)
:
: Hon. Robert E. Grossman
----------------------------------------------------------- X
BRYAN RYNIKER, IN HIS CAPACITY AS :
LITIGATION ADMINISTRATOR OF THE :
POST-CONFIRMATION ESTATES OF :
DÉCOR HOLDINGS, INC., *et al.*, :
:
Plaintiff, :
: Adv. Pro. No. 20-08140 (REG)
v. :
:
VALDESE WEAVERS, LLC, :
:
Defendant. :
----------------------------------------------------------- X

# DEFENDANT'S OMNIBUS OPPOSITION TO
# LITIGATION ADMINISTRATOR'S MOTIONS *IN LIMINE* NOS. 1 THROUGH 3

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Décor Holdings, Inc. (4174); Décor Intermediate Holdings LLC (5414); RAD Liquidation Inc. (f/k/a The Robert Allen Duralee Group, Inc.) (8435); RAD Liquidation LLC (f/k/a The Robert Allen Duralee Group, LLC) (1798); and RADF LLC (f/k/a The Robert Allen Duralee Group Furniture, LLC) (2835).

1

Defendant Valdese Weavers Inc. ("Defendant" or "Valdese") respectfully submits this opposition (the "Opposition") to the Litigation Administrators July 7, 2022:

    A. Motion *In Limine* No 1 to Bar Defendant From Proffering Testimony and Evidence at Trial Concerning Reclamation Claim Under 11 U.S.C. § 546(c) ("Motion No. 1") [Dkt. No. 18];

    B. Motion *In Limine* No. 2 to Bar Defendant from Introducing Summary Charts ("Motion No. 2") [Dkt. No. 19]; and

    C. Motion *In Limine* No. 3 to Bar Defendant from Introducing Evidence Not Yet Produced ("Motion No. 3" and collectively with Motion No. 1 and Motion No. 2, the "Motions")[2] [Dkt. No. 20].

In support of this Opposition, Defendant respectfully represents as follows.

## I.    Relevant Background

1. Unlike Defendant, Plaintiff never served discovery in this adversary proceeding. In response to informal requests in connection with settlement negotiations and otherwise, Defendant has from time to time submitted documents fully supporting its defenses, some of which were sent repeatedly.

2. Specifically, Defendant provided the following defense exhibits set forth in the following Table 1 by and through emails from Michael S. Fox for Defendant to Schuyler G. Caroll for Plaintiff at the dates set forth therein. *See also* Declaration of Michael S. Fox dated July 21, 2022 ¶¶ 4-5 (the "Fox Decl.") attached as Exhibit A hereto.

3. Defendant submits that these exhibits included both summary charts and detailed bills of lading, together with sample invoices that support its defenses.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motions.

Table 1 - Summary of Defense Exhibits

| Def's Exhibit No. | Title | Description | Date First Produced |
|---|---|---|---|
| 1 | Reclamation Demand | February 2019 Demand With Summary Schedule of New Value Including Invoice Numbers and Dates of Delivery (Direct and KCrypton) | October 2, 2020 |
| 2 | Invoice BOL Listing | Detailed Summary Schedule of Bills of Lading, Invoices, Value, Quantity, Purchase Order Number (Direct Shipped) | February 11, 2021 |
| 3 | POD Packet 4 28 21 (Balance of Yellow, Purple, Green and Orange POSDs) | Bills of Lading Invoices?/Packing Slips/Bills of Lading (Krypton Shipments) (Corresponding to Shipment) | April 29, 2021 |
| 4 | POD Packet 4 28 21 (Blue) | (Ask Client) | April 29, 2021 |
| 5 | POD Packet A | Bill of Ladings Corresponding to Def's 2 | February 11, 2021 |
| 6 | POD Packet B | Bill of Ladings Corresponding to Def's 2 | February 11, 2021 |
| 7 | POD Packet C | Bill of Ladings Corresponding to Def's 2 | February 11, 2021 |
| 8 | POD Packet D | Bill of Ladings Corresponding to Def's 2 | February 11, 2021 |
| 9 | POD Packet E | Bill of Ladings Corresponding to Def's 2 | February 11, 2021 |
| 10 | POD Packet F | Bill of Ladings Corresponding to Def's 2 | February 11, 2021 |
| 11 | POD Packet G | Bill of Ladings Corresponding to Def's 2 | February 11, 2021 |
| 12 | POD Packet H | Bill of Ladings Corresponding to Def's 2 | February 11, 2021 |
| 13 | POD Packet I | Bill of Ladings Corresponding to Def's 2 | February 11, 2021 |
| 14 | RAD 90 day payments with invoices | Schedule of Payments and Invoices with Terms and History of Payments | October 2, 2020 |
| 15 | RAD 90 day payments with invoices2 | Schedule of Payments and Invoices with Terms and History of Payments (Preference Period) | October 2, 2020 |

| 16 | RAD 90 day invoices 2-12-19 to 5-11-19 (2) | Chart of Postpetition Shipments | April 29, 2021 |
|---|---|---|---|
| 17 | RAD 90 day invoices 2-12-19 to 5-11-19 | Goods ordered and on hand at time of Petition Date | April 29, 2021 |
| 18 | RAD post 3.26.19 (2) | New orders as of Petition Date. | April 29, 2021 |
| 19 | RADG Invoice listing 4 26 21 | Detailed Summary Schedule of Bills of Lading, Invoices, Value, Quantity, Purchase Order Number (Krypton Shipped) | April 29, 2021 |
| 20 | Rad post 3-26-19 | Postpetition shipments. | April 29, 2021 |

4. Defendant submits that the exhibits referenced in the foregoing sufficiently demonstrates Defendant's new value and other defenses.

5. On April 25, 2022, in response to Mr. Caroll's informal request, Mr. Fox submitted to counsel the invoices attached to an email. A true and correct copy of that email and its attachments are attached as Schedule 1 to the Fox Declaration. These invoices provide the supporting data for each and every claim concerning new value on the Summary Charts (the "Underlying Invoices"). They do not provide any information suggesting facts other than what is included in the Defendant's trial exhibits that were each produced well before the fact discovery deadline. Rather they are source documents that provide further detail.

**II.    Argument**

    **A.    Motion No. 1 – Reclamation Demand**

6. Motion No. 1 is premised upon a straw man. It takes for granted Plaintiff's assumption that the purpose of Defendant seeking to introduce the Reclamation Demand is in support of a reclamation claim and then provides all sorts of legal rationale as to why Defendant cannot prevail on a reclamation claim. On those grounds, it seeks to strike the Reclamation Demand.

7. Defendant, however, is not seeking to introduce the Reclamation Demand in support of its reclamation claim as part of its trial defense. In fact, it was only at Plaintiff's insistence on the eve of the Joint Pretrial Memorandum that Defendant agreed as of that date to preserve for trial the issue of whether Defendant had a valid reclamation claim.

8. Defendant instead, and without limitation, is seeking to introduce the Reclamation Demand for two purposes. First, the Reclamation Demand and chart of prepetition shipments included therein evidence Defendant's new value defense. Second, the existence of the Reclamation Demand as of February 2019 supports Defendant's argument that the Litigation Administrator did not conduct adequate due diligence concerning Defendant's affirmative defenses before bringing this adversary proceeding, as is required under 11 U.S.C. § 547(b). This Court cannot condone the explanation given by the Plaintiff that the books and records were sold to the buyer of the business. Counsel for the Plaintiff played an active role in the sale and should have taken better care to preserve or retain the books and records. As such parties like the Defendant do no bear the burden of their actions. Those burdens remains with the Plaintiff.

9. Motion No. 1 is also curious, because Plaintiff included the Reclamation Demand (Def's No. 1) as its own exhibit (PX-30).

10. For the foregoing reasons, Motion No. 1 should be denied.

**B.    Motion No. 2 – Summary Charts**

11. Motion No. 2 is shamefully premised on false, misleading, and disingenuous information. Plaintiff claims "The Litigation Administrator requested the production of underlying information for the Summary Charts, but Defendant refused." Mot. No. 2. ¶ 7. Putting aside that Plaintiff never made any formal document request, on February 11, 2021 Defendant provided detailed information including bills of lading found in Def's Exhibits 3-13, which provides overwhelming "underlying information" for almost all of the shipments in the Summary Charts

that form Defendant's new value defense. Motion No. 2 does not acknowledge this when accusing Defendant of not providing underlying information. Defendant submits that the Summary Charts when combined with the schedules that form Defendant's exhibits are more than sufficient to establish new value.

12. Moreover, FRE 1006 provides that "t]he proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court." FRE 1006. *See also* Motion No. 2. ¶ 3.

13. Defendant has complied with FRE 1006. In addition to Def's Exhibits 3-13, Defendant has in fact allowed for inspection of the underlying invoices themselves supporting "prior to introduction of the summary" under FRE 1006. Defendant submits that on April 25, 2022 Mr. Fox sent all the Underlying Invoices supporting each and every new value transaction to Mr. Carroll. Nonetheless, Plaintiff never asked for anything further, nor acknowledged receipt in the Motion, which includes a chart falsely claiming to include "the number and percentage of invoices purportedly being summarized that were not produced." Motion No. 2 ¶ 9 (emphasis in original).

14. Because Plaintiff did in fact provide all of the underlying information supporting the Summary Charts prior to seeking their introduction, notwithstanding the unfounded claim to the contrary, Motion No. 2 should be denied. Alternatively, in the event the Court wishes to examine each of the Underlying Invoices, Defendant reserves the right to seek to include them in evidence at trial.

### C.  Motion No. 3 – Not Yet Produced

15. Motion No. 3 seeks to "avoid any surprise as well as to obtain clarity prior to any attempt to introduce any evidence that it has failed to produce – or disclose – to the Litigation

Administrator." Motion No.3. ¶ 6.

16.  Motion No. 3 is nothing more than a continuation of Motion No. 2. Motion No. 2 complains that the Underlying Invoices were never produced (even though they were disclosed pursuant to FRE 1006) and Motion No. 3 is an obvious attempt to preempt any correction.

17.  Plaintiff – who had itself produced the bulk of its responsive documents after the fact discovery deadline – cites to the April 6 Pretrial Conference, where this Court asserted that "no documents will be admitted that was subject to subpoena or discovery and not produced by either side." But Plaintiff never served discovery requests and the Underlying Invoices were not "subject to discovery."

18.  Plaintiff provided all of the Underlying Invoices in any event on April 25, 2022 pursuant to FRE 1006, which merely provide evidence of the new value portion of the Summary Charts that form part of Defendant's Exhibits that it seeks to introduce. While Defendant at this time does not see a need to seek introduction of the Underlying Invoices, Defendant reserves the right to seek their introduction.

### III. Conclusion

For the foregoing reasons, Valdese respectfully requests that the Court deny each of the Motions and grant Valdese such other relief as may be proper.

|  |  |
|---|---|
| Dated: New York, New York<br>July 21, 2022 | |
| | OLSHAN FROME WOLOSKY LLP |
| | By: /s/ Michael S. Fox<br>Michael S. Fox, Esq.<br>Jonathan T. Koevary, Esq.<br>1325 Avenue of the Americas<br>New York, New York 10019<br>(212) 451-2300<br>mfox@olshanlaw.com<br>jkoevary@olshanlaw.com |