**LOEB & LOEB LLP**
Schuyler G. Carroll
Noah Weingarten
345 Park Avenue
New York, New York 10154
Tel.: (212) 407-4000
scarroll@loeb.com
nweingarten@loeb.com

*Attorneys for Brian Ryniker,
Litigation Administrator*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ----------------------------------------------------------- X | Chapter 11 | |
| IN RE: | : | Case No. 19-71020 (REG) |
| | : | Case No. 19-71022 (REG) |
| DÉCOR HOLDINGS, INC., *et. al.*,[1] | : | Case No. 19-71023 (REG) |
| | : | Case No. 19-71024 (REG) |
| Post-Confirmation Debtors. | : | Case No. 19-71025 (REG) |
| | : | |
| ----------------------------------------------------------- X | (Substantively Consolidated) | |
| BRYAN RYNIKER, IN HIS CAPACITY AS | : | |
| LITIGATION ADMINISTRATOR OF THE | : | Hon. Robert E. Grossman |
| POST-CONFIRMATION ESTATES OF | : | |
| DÉCOR HOLDINGS, INC., *et al.*, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 20-08140 (REG) |
| | : | |
| VALDESE WEAVERS, LLC, | : | |
| | : | |
| Defendant. | : | |
| ----------------------------------------------------------- X | | |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF
MOTION IN LIMINE NO. 3
<u>TO BAR DEFENDANT FROM INTRODUCING EVIDENCE NOT YET PRODUCED</u>**

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Décor Holdings, Inc. (4174); Décor Intermediate Holdings LLC (5414); RAD Liquidation Inc. (f/k/a The Robert Allen Duralee Group, Inc.) (8435); RAD Liquidation LLC (f/k/a The Robert Allen Duralee Group, LLC) (1798); and RADF LLC (f/k/a The Robert Allen Duralee Group Furniture, LLC) (2835).

Plaintiff submits this reply in further support of his *Motion in Limine No. 3 to Bar Defendant from Introducing Evidence Not Yet Produced* [Dkt. No. 20] (the "Motion") and in response to *Defendant's Omnibus Opposition to Litigation Administrator's Motions in Limine Nos. 1 Through 3* [Dkt. No. 22]. Pursuant to the *Pretrial Stipulation and Order* [Dkt. No. 26], Plaintiff's motions *in limine* nos. 1 and 2 [Dkt. Nos. 18 and 19] have been withdrawn.

## ARGUMENT

1. By the Motion, Plaintiff sought to bar Defendant from introducing any evidence at the trial of this adversary proceeding that Valdese had not yet produced. The crux of the Motion was that "the Litigation Administrator pointed out numerous evidentiary defects in Defendant's affirmative defenses," including that "Defendant has failed to produce or indicate that it intends to proffer admissible evidence of what goods were delivered or when" in support of a new value defense under 11 U.S.C. § 547(c)(4). Motion at ¶ 5. And thus, the Motion was made "to avoid any surprise as well as to obtain clarity prior to any attempt by Defendant to introduce any evidence that it has failed to produce – or disclose – to the Litigation Administrator." *Id.* at ¶ 6.

2. The Motion was filed in advance of the originally scheduled trial date (July 28, 2022). With the benefit of Plaintiff having pointed out the glaring evidentiary gap in Defendant's case concerning its new value defense, on August 4, 2022 – weeks after the initial trial date – Defendant's counsel contacted Plaintiff to advise that Defendant intended to introduce two exhibits (Def's 21 and 22) that were "inadvertently left out of our informal production." It appears that Defendant intends to use these two exhibits in support of Defendant's new value defense.

3. It is important to note that Plaintiff had never seen these documents until August 4. Nor was Plaintiff even aware of their existence. Plaintiff conducted discovery, settlement discussions, and proceeded to trial without any knowledge of these documents. Moreover,

Defendant did not even object to the Motion based on these documents. Indeed, Defendant never mentioned these documents in its objection to the Motion. If not for the delay of trial – which happened just 3 days before the trial – the trial would have been concluded without Plaintiff – or the Court – ever becoming aware of these documents.

4. The late – after the trial would have already concluded – production of these two documents is exactly what the Motion sought to prevent. Producing evidence at the 25th hour – long after discovery concluded and the date that the trial was supposed to already have concluded – is the definition of surprise. Indeed, these purported exhibits were not even disclosed as exhibits on Defendant's exhibit list, attached to the joint pretrial memorandum. Plaintiff has had no chance to assess the veracity of these exhibits or challenge their authenticity.

5. Making matters worse, this is also clear sandbagging. Defendant's production is an attempt to correct a gap in Defendant's evidentiary case. Defendant has known about this gap for over a year, as Plaintiff has repeatedly told Defendant that there was little evidence attempting to show that any goods were delivered, since the outset of this adversary proceeding. Despite having this knowledge, Defendant waited until the eve of trial to produce this evidence – after Plaintiff filed the Motion – until such a time as Plaintiff was unable to obtain further discovery or conduct any diligence whatsoever into the documents. It would be unfair that Defendant should be able to rely on documents that Plaintiff only learned about after discovery concluded, after the submission of the pretrial order, and after the trial date would have concluded.

6. Thus, Plaintiff seeks to prevent Defendant from introducing these two documents – and any other evidence that Defendant failed to produce by the final pretrial conference.

## **CONCLUSION**

WHEREFORE, the Litigation Administrator respectfully requests that the Court enter an Order, granting the Motion and such other and further relief as the Court deems appropriate.

Dated: New York, New York
       September 9, 2022                                **LOEB & LOEB LLP**

                                                         By: /s/ *Schuyler G. Carroll*
                                                         Schuyler G. Carroll
                                                         Noah Weingarten
                                                         345 Park Avenue
                                                         New York, New York 10154
                                                         Tel.: (212) 407-4000
                                                         scarroll@loeb.com
                                                         nweingarten@loeb.com

                                                         *Attorneys for Brian Ryniker,*
                                                         *Litigation Administrator*

22518376